**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **BOLAND MARINE & INDUSTRIAL, LLC** | § | |
| | § | |
| **V.** | § | No. 3:15-cv-_____ |
| | § | |
| **M/T ALQADISIA, her engines, tackle,** | § | |
| **apparel, etc.,** *in rem*, **and ZUETINA** | § | |
| **TANKER SHIPPING LTD,** *in personam* | § | |

**VERIFIED COMPLAINT**

Plaintiff, Boland Marine & Industrial, LLC ("Boland"), brings this Verified Complaint against the M/T ALQADISIA, her engines, tackle, apparel, equipment, appurtenances, etc., *in rem*, and against its owner/operator, Zuetina Tanker Shipping LTD, *in personam*, and avers as follows:

1.

This Court has jurisdiction pursuant to 28 U.S.C. §1333, 28 U.S.C. §1331 and 46 U.S.C. §10313. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rules B and C of the Supplemental Rules of Certain Admiralty and Maritime claims of the Federal Rules of Civil Procedure.

2.

The defendants are:

(a)     M/T ALQADISIA (IMO No. 1834165), her engines, tackle, apparel, equipment, appurtenances, etc., *in rem,* a foreign flagged vessel, which is and will be afloat upon the navigable waters of the United States and within the jurisdiction of this Court; and,

(b)     Zuetina Tanker Shipping LTD, a foreign corporation and owner of the ALQADISIA

3.

Pursuant to a written Work Order dated June 12, 2015, stamped and signed by the ALQADISIA Master, Boland provided repair work and services to and for the benefit of the ALQADISIA at the Alabama State Docks in the Port of Mobile, Alabama from June 12, 2015 to July 2, 2015.[1]

4.

Boland provided the above-described repairs and services for the benefit of the ALQADISIA and its owner/operator in a good and workmanlike manner.

5.

The ALQADISIA's Master and Chief Engineer provided written acknowledgement of Boland's satisfactory completion of all work and services.[2]

6.

Boland provided the ALQADISIA's Manager with Boland's Invoice No. 0715-012, which was due on receipt, in the principal amount of $192,838.78 for the above-described repairs and services, and which, despite amicable demand, remains unpaid.[3]

7.

The provision of the above-described work and services by Boland gives rise to a maritime lien against the ALQADISIA pursuant to the parties' contract, general maritime law and Federal Maritime Lien Act, 46 U.S.C. §§ 31341-31343.

---

[1] See attached Exhibit "A."

[2] See attached Exhibit "B."

[3] See attached Exhibit "C."

8.

Pursuant to Rule C of the Supplemental Rules of Certain Admiralty and Maritime Claims, Boland is entitled to recognition of its maritime lien and the issuance of a warrant of arrest authorizing the seizure and sale of the ALQADISIA and that all claims of Boland be paid in preference and priority over all other claimants.

9.

Zuetina Tanker Shipping LTD, *in personam*, is a foreign business entity which has no offices in the Southern District of Texas, has no agent for service of process in the Southern District and, otherwise, cannot be found in the Southern District, but is subject to the *quasi in rem* jurisdiction of this Court pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure based on the presence and location of certain tangible and intangible property in the district and jurisdiction of this Honorable Court.

10.

Boland is informed and believes that none of the officers of Zuetina Tanker Shipping LTD are now within the Southern District of Texas, that Zuetina Tanker Shipping LTD does not maintain offices, nor telephone listings within the Southern District of Texas, that Zuetina Tanker Shipping LTD's registered office is not located in the Southern District of Texas, that Zuetina Tanker Shipping LTD  has no agents for the receipt of service of process in the Southern District of Texas and that, therefore,  Zuetina Tanker Shipping LTD cannot be found within the Southern District of Texas for purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime claims of the Federal Rules of Civil Procedure.

3

11.

The non-payment of Boland's invoice for the vessel repairs and services described herein is a breach of the parties' maritime contract and constitutes a maritime claim within the meaning of Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

12.

Boland is further entitled to judgment against Zuetina Tanker Shipping LTD, *in personam*, in the principal amount of $192,838.78, plus pre-judgment interest and all litigation expenses and reasonable attorneys' fees incurred by Boland in this matter.

13.

All and singular, the premises and allegations in this Verified Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and this Court.

**WHEREFORE,** Boland prays:

1.      That process in due form of law according to the rules and practices of this Court, in causes of admiralty and maritime jurisdiction, may issue against the M/T ALQADISIA, her engines, tackle, apparel, equipment, appurtenances, etc., *in rem,* and that all persons having or claiming an interest therein may cited to appear and answer, the matters aforesaid;

2.      That this Court enter a judgment in Boland's favor in the principal amount of $192,838.78, together with interest and costs, and that the ALQADISIA, her engines, tackle, apparel, equipment, appurtenances, etc., *in rem,* be condemned and sold to satisfy said judgment in preference and priority to all other claimants;

3.      That this Court enter a judgment in Boland's favor in the principal amount of $192,838.78, together with interest, costs and reasonable attorneys against Zuetina Tanker Shipping LTD, *in personam.*

4

3.      That process issue in due form of law according to Supplemental Rule B and the practices of this Court to attach and garnish all tangible and intangible property of Zuetina Tanker Shipping LTD located in the district of this Honorable Court up to the principal amount of $192,838.78, plus prejudgment interest, costs and attorney's fees;

4.      That after due proceedings, Boland may have judgment against Zuetina Tanker Shipping LTD in an amount of the current indebtedness of $192,838.78, plus prejudgment interest, costs and attorney's fees;

5.      That Zuetina Tanker Shipping LTD  be cited to answer and appear, and that after due proceedings are had, Boland  may have judgment against Zuetina Tanker Shipping LTD  for the amount of any deficiency, plus any other sums and interest, costs and attorney's fees; and,

6.      For all other general and equitable relief as this Court deems just and proper.


Respectfully submitted,


By:   /s/ F. William Mahley
        F. WILLIAM MAHLEY
        Federal ID 2863
        State Bar No. 12836740
        909 Fannin Street, Suite 2300
        Houston, Texas 77010-1036
        (713) 951-5600 – Telephone
        (713) 951-5660 – Facsimile
        Bill.Mahley@Strasburger.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF


**OF COUNSEL:**
**STRASBURGER & PRICE, LLP**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record pursuant to the Federal Rules of Civil Procedure via electronic filing on this the _____ day of _____ 2015.


/s/ F. WILLIAM MAHLEY_____
F. WILLIAM MAHLEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **BOLAND MARINE & INDUSTRIAL, LLC** | § | |
| | § | |
| V. | § | No. 3:15-cv-_____ |
| | § | |
| **M/T ALQADISIA, her engines, tackle,** | § | |
| **apparel, etc.,** *in rem*, **and ZUETINA** | § | |
| **TANKER SHIPPING LTD,** *in personam* | § | |

## VERIFICATION

BEFORE ME, the undersigned Notary, personally came and appeared:

PAUL SIMMONS a person personally known to me, who, after being duly sworn, did depose and state that:

1.    He makes this Verification based on his own personal knowledge.

2.    He is the General Manager and a Member of Boland Marine & Industrial, LLC.

3.    He read the foregoing Verified Complaint and knows the contents thereof, and that the same are true and correct to best of his knowledge, information and belief.

4.    The source of his knowledge, information and belief are his personal business dealings with authorized representatives of the defendant and records kept and maintained by Boland Marine & Industrial, LLC during the ordinary course of business.

_____
PAUL SIMMONS

Sworn to and subscribed before me this 4th day of August 2015.

_____
Notary Public, in and for
The State of Louisiana

CARY A. DES ROCHES
NOTARY PUBLIC
State of Louisiana, Bar No. 19550
My Commission is for life

2196391.1/SPH/15556/1551/080315